Jones, J.
(dissenting.) The majority opinion to me seems to be a labored one, its reasoning specious, and its conclusion faulty. Can it be possible that any one, whether lawyer or layman, could misunderstand the controlling effect that an affirmative answer to interrogatory one would have upon the case ? The interrogatory ¡seeks an answer to a controlling and ultimate fact, and not one which is evidential. Had the question been one which required the jury to answer merely whether warnings had been given, the interrogatory might be open to criticism; but here the interrogatory sought to obtain the jury’s conclusion as to whether reasonable warnings had been given of the danger of the benzol tank. More *386 than any other ease reported in the books, this judgment demolishes the statute relating to special interrogatories.
If the special interrogatories requested in this case, and refused by the court, fail to test the accuracy of the general verdict, then I am unable to see how any interrogatories would be available to test its soundness under the decision of the majority. The sole issue in the case was the failure to warn; the court charged the jury that this was the only issue. Two witnesses for the defendant had definitely testified that, before the explosion, they had shouted warnings of the danger that existed from the presence of the benzol tank. One of them (Mason)Testified that he had shouted to the firemen, “Boys, stay away from the tank building.” This, he testified, was not more than five minutes before the tank explosion. Diehl, the other witness, testified that he not only heard Mason give the warning, but that he also called out for everybody to keep back from the tank building. As to the time when the last witness gave this warning, he was asked:
“One question further, at the time you say you called out to stay away from the benzol tank building, when was that with reference to the explosion, about how long before the explosion occurred?”
He answered that it was about 10 minutes before the explosion. Under the issues made by the pleadings, the test of liability rested upon the jurors’ answer to the two following interrogatories:
“1. After the arrival of the firemen on defendant’s premises at the time and place in question, were reasonable warnings given by defendants, its ¿officers or employees, to those around or near the *387 benzol tank building, of tbe danger from the benzol tank?”
“2. If so, did the plaintiff hear such warnings J ’ ’ The majority opinion is apparently predicated upon the fact that the time was not incorporated in the interrogatory. The time is comprehended within the term “reasonable warnings.” If they were not given in time, they would not have been reasonable warnings: if they were, they would be. If the jury had answered that reasonable warnings were given, then the issue should have been determined in favor of the defendant on the special interrogatory. More than that, on this issue, the court had charged that these warnings were such “as a reasonably careful person would have given under the same or similar circumstances. ’ ’ The court had also charged the jury that the warning contemplated “such warning to be given before the explosion and in sufficient time to have permitted the plaintiff to have sought a place of safety
Since the court specifically defined the duty of the defendant in respect to this specific issue and explained to the jury what reasonable warnings were, it was for the jury to determine, by their answer to the special interrogatories, whether reasonable warnings had been given by defendant of the danger from the benzol tank. This ultimate fact, relating to the only issue involved, was not permitted to be answered by the jury, and the ease should be reversed and remanded for a new trial for that reason.
Robinson, J., concurs in this dissent.